UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THOMAS A. CHILTON, III,

    Plaintiff,

v.                                                                                            Case No. 3:08cv615

T.W. CLAYBORNE, et al.,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Thomas A. Chilton, III, a Virginia inmate proceeding *pro se*, filed an action under 42 U.S.C. § 1983,[1] alleging that he was subjected to an unprovoked attack by a prison K-9 dog in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (Docket No. 1). By Memorandum Opinion and Order dated August 25, 2009, the Court granted Defendants' Motion for Summary Judgment, denied Chilton's Motion for Appointment of Counsel, and dismissed Chilton's Complaint. (Docket Nos. 37, 38.)

---

[1] Section 1983 states in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

On September 2, 2009, Chilton filed a Motion for Reconsideration.[2] (Docket No. 39.) Chilton moves the Court to reconsider its August 25, 2009 ruling pursuant to Rule 56(f)[3] "because [Chilton] could not yet get the evidence he needs to dispute the defendants Motion for Summary Judgment." (Mot. Recons. ¶ 2.)

The Court shall construe Chilton's Motion for Reconsideration as a motion to alter or amend the judgment under Rule 59(e)[4] because he filed his motion on September 3, 2009, ten days after the entry of this Court's August 25, 2009 Memorandum Opinion and Final Order. *See Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978) (stating that "if a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled");

---

[2] The Court considers Chilton's motion filed on the date he delivers his petition to prison authorities for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Therefore, although the Clerk docketed Chilton's Motion for Reconsideration on September 8, 2009, because Chilton dated the certificate of service September 2, 2009, the Court considers it filed on September 2, 2009.

[3] Rule 56(f) states:

**When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
 (1) deny the motion;
 (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
 (3) issue any other just order.

Fed. R. Civ. P. 56(f). Chilton cannot invoke Rule 56(f) for relief at this stage of the proceedings, after the Court's entry of final judgment. The Court will not rest on this ground, however.

[4] At the time Chilton filed his motion, Rule 59(e) required that a motion to alter or amend a judgment be filed no later than 10 days after the entry of the judgment. Fed. R. Civ. P. 59(e). This Rule has since been amended to allow 28 days to file such a motion.

*see also MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277-78 (4th Cir. 2008) (noting that the United States Court of Appeals for the Fourth Circuit continues to apply *CODESCO* despite changes to the Federal Rule of Appellate Procedure 4 regarding the tolling of time for appeal upon filing a motion for relief under Rule 60).

Chilton also filed a Supplemental Motion for Reconsideration ("Supplemental Motion"). (Docket No. 40.) Chilton's Supplemental Motion reiterates the relief requested in his September 2, 2009 motion, merely adding that "[i]f the Court doesn't see fit to grant the relief requested above, Plaintiff asks that the Court to [sic] amend it's [sic] order dismissing Plaintiff's action to dismissed without prejudice." (Supp'l Mot. 3.) The Court shall construe Chilton's Supplemental Motion as a Rule 60(b)[5] motion for relief because the Court received this filing on September 25, 2009, beyond the then-10-day limit for filing such motions.[6] *See In re Burnley*, 988 F.2d 1, 3

---

[5] Rule 60(b) states:
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

[6] Chilton indicates that he originally mailed his Supplemental Motion on September 4, 2009, but that he inadvertently sent the documents to the wrong address. (Supp'l Mot. 3-4.) He dated his second mailing September 23, 2009. Either date falls outside the 10-day limit for filing a Rule 59(e) motion.

3

(4th Cir. 1993) (construing Burnley's unnamed motion as a 60(b) motion because Burnley failed to file it within 10 days of entry of judgment, and thus Rule 59(e) did not apply). For the reasons that follow, the Court will DENY both Chilton's Motion for Reconsideration (Docket No. 39) and Chilton's Supplemental Motion (Docket No. 40).

## I. Motion for Reconsideration Pursuant to Rule 59(e)

### A. Standard

"'[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (*quoting* 11 Charles Alan Wright & Arthur R. Miller, Wright et al., *Federal Practice and Procedure* § 2810.1, at 124 (2nd ed. 1995)). Rule 59(e) itself provides no standard by which a district court may grant a motion to alter or amend a judgment, but "courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Such motions may not be used, however, "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Moreover, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion." *Wadley v. Park at Landmark, LP*, No. 1:06cv777, 2007 WL 1071960, at *2 (E.D. Va. Mar. 30, 2007). Indeed, Rule 59(e) does not "give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) (stating that plaintiff's brief in support of his motion to alter or amend the judgment was

4

"no more than an expression of a view of the law contrary to that set forth in the Court's opinion," and thus the court had no proper basis to alter or amend its previous order).

B. **Chilton's Motion for Reconsideration Pursuant to Rule 59(e)**

Chilton's motion fails to meet the Rule 59(e) standard. Chilton does not assert an intervening change in law nor a clear error of law or manifest injustice. *See Hutchinson*, 994 F.2d at 1081. To the extent he alleges newly discovered evidence, this claim also fails.

First, Chilton moves the Court to reconsider its August 25, 2009 decision because he "is in need of counsel to help form and litigate claims, as well as gather evidence." (Mot. Recons. 1.) Chilton asserts that he "has but a basic, introductory understanding of law and is not well enough trained to properly represent himself," and that he "is also not being afforded the right to gather the evidence needed to combat defendants [sic] Motion for Summary Judgment due to lack of an attorney." (Mot. Recons. 1-2.) This first argument does not merit Rule 59(e) relief. *See Hutchinson*, 994 F.2d at 1081 (recognizing only three grounds for relief pursuant to Rule 59(e)).

Second, Chilton alleges that there exists photographic evidence and "other documents, proving physical injury and mental stress" unavailable to the Court at the time of its final order. (Mot. Recons. 2.) This appears to be a claim that Chilton now has new evidence not previously available to the Court. *See Hutchinson*, 994 F.2d at 1081 (identifying the discovery of new evidence not previously available at trial as a ground for relief under Rule 59(e)). Chilton alleges that "he could not yet get the evidence he needs to dispute the defendants [sic] Motion for Summary Judgment. . . . [but that he] plans to show and prove more than a de minimis injury through photographs taken by prison officials not yet recovered by plaintiff." (Mot. Recons. 2.)

5

Chilton asserts that "prison polices [sic] and/or deliberate obstruction by prison officials" have prevented him from gathering the evidence necessary to prove his claims. (Mot. Recons. 2.) This claim, too, lacks merit.

> Relief on the basis of newly discovered evidence
>
> requires that a party demonstrate: '(1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.'

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (*quoting Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987)). Chilton fails to demonstrate even one of these five factors.

First, evidence not previously provided to the Court does not automatically constitute evidence newly discovered. *Mills v. Barreto*, No. 3:03cv735, 2004 WL 3396119, at *1 (E.D. Va. Apr. 6, 2004); *see Boryan*, 884 F.2d at 771 ("Evidence that is available to a party prior to entry of judgment, therefore, is not a basis for granting a motion for reconsideration as a matter of law."). Here, Chilton makes no showing that this evidence is newly discovered, or that he was unaware of the existence of the photographs or documents until after the Court's August 25, 2009 ruling. *See id.*; *see Nicholes v. McCulloch*, No. 5:04-1220, 2006 WL 2796831, at *1 (S.D. W. Va. Sept. 27, 2006). In fact, Chilton appears to acknowledge that such evidence existed prior to the Court's entry of judgment, but merely makes the unsupported allegation that prison officials prevented him from accessing this evidence. (Mot. Recons. 2.)

Second, Chilton offers no basis for the Court to make a finding of diligence, "due" or otherwise. Reasonable diligence is a showing which Chilton "'is *obliged*'" to make. *Boryan*,

6

884 F.2d at 771 (*quoting Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985)).

Finally, Chilton fails to show that the photographs or other documents would constitute material evidence that would alter the Court's final order. *See Nicholes*, 2006 WL 2796831, at *1. The Court remains unconvinced that, had additional evidence been available in the form of photographs or other documentation of his injuries, Chilton would have succeeded in his § 1983 action. *See Strickland v. Lee*, No. 3:02cv33-MU, 2007 WL 1792503, at *4 (W.D.N.C. June 19, 2007).

At the time of its August 25, 2009 decision, the Court had before it sufficient evidence to determine the extent of Chilton's injuries. The Court considered the evidence offered by Chilton, which included "sworn declarations from Shawn Davis, Albert Randolph, Ricardo Boyd, and Chase Irvine, describing Clayborne's conduct toward Chilton during the incident. . . . the sworn declaration of Carl Waybright, Jr., and affidavits from Reginald Evans, Lamorris Wilson, David Green, and Charles Smith-El regarding their experiences with and impressions of K-9 safety at Sussex 1." (Mem. Op. 3 (internal citations omitted).) Significantly, the Court lacked any evidence from Chilton himself. (Mem. Op. 3 ("Plaintiff's Complaint is not verified, and Chilton offers no sworn testimony based on his own experience for the Court's review.").)

The Court also considered the evidence offered by the defendants, including testimony from Nurse Logue, who treated Chilton's injuries. (*See* Mem. Op. 5.) Nurse Logue testified that, although Chilton had an abrasion on his left arm and superficial scratches on his left hip and thigh, Chilton suffered no puncture wounds. (Mem. Op. 5.) Therefore, the Court found that

"Chilton's injuries, as alleged, are not sufficiently serious to support the objective component of an Eighth Amendment excessive force claim." (Mem. Op. 8 (internal citation omitted).)

Chilton fails to demonstrate entitlement to relief under Rule 59(e). For the foregoing reasons, the Court will DENY Chilton's Motion for Reconsideration. (Docket No. 39.)

## II. Motion for Reconsideration Pursuant to Rule 60(b)

### A. Standard

Rule 60(b) constitutes an extraordinary remedy requiring a showing of extraordinary circumstances. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). The party seeking relief under Rule 60(b) must cross the "initial threshold," showing "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Id.* (*quoting Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984). Once the movant has satisfied these requirements, he or she must then satisfy at least one of the six grounds for relief provided in Rule 60(b): (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud or misconduct of an adverse party; (4) a void judgment; (5) a satisfied judgment; or, (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

"When making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds therefor to the satisfaction of the district court and such grounds must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d at 3 (internal citations and quotations omitted). A party cannot use a 60(b) motion to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57

F.3d 395, 401 (4th Cir. 1995). Thus, where the party merely requests relief based upon legal arguments that the Court has rejected already, either explicitly or implicitly, the request does not merit Rule 60(b) relief. *See id.*

### B. Chilton's Supplemental Motion

Chilton's Supplemental Motion fails because Chilton cannot meet the threshold requirement of establishing "extraordinary circumstances" under which this Court could grant relief. *See Dowell*, 993 F.2d at 48 (requiring a showing of extraordinary circumstances as a threshold requirement for Rule 60(b) relief). As the Court found with respect to Chilton's motion under Rule 59(e), here Chilton fails to demonstrate that he discovered the additional evidence after the Court's entry of judgment, or that he exercised reasonable diligence to discover the allegedly new evidence. *See* Part I.B., *infra*. Chilton's vague statements that he "plans to show and prove more than a de minimis injury through photographs," or his unsupported allegations that prison policies or officials prevented him access to such materials, do not appear to this Court to evoke extraordinary circumstances such that Rule 60(b) relief would be appropriate.

Even presuming Chilton's Supplemental Motion could survive the threshold, it nevertheless fails for the same reason the motion under Rule 59(e) fails: Chilton makes no showing that this evidence is newly discovered; that he was unaware of the existence of the photographs or documents until after the Court's August 25, 2009 ruling; that he exercised reasonable diligence to discover such photographs or documents; or, finally, that any photographs or additional documents would be material or likely to affect the outcome of the Court's determination. *See Boryan*, 884 F.2d at 771 (listing requirements for newly discovered

9

evidence). Therefore, Chilton does not merit Rule 60(b) relief. The Court will DENY Chilton's Supplemental Motion. (Docket No. 40.)

### III. Conclusion

Chilton has alleged no circumstances warranting relief under Rules 59(e) or 60(b). Accordingly, Chilton's Motion for Reconsideration will be DENIED. (Docket No. 39.) Chilton's Supplemental Motion for Reconsideration will be DENIED. (Docket No. 40.)

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 1-11-10